UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11907-RWZ

GOTTLANDSINI, LLC

v.

W. CRAIG FUGATE, Administrator, Federal Emergency Management Agency,
and
HARTFORD INSURANCE COMPANY OF THE MIDWEST

ORDER

September 5, 2012

ZOBEL, D.J.

Plaintiff Gottlandsini, LLC, purchased a Standard Flood Insurance Policy ("SFIP") from defendant Hartford Insurance Company of the Midwest ("Hartford") on a property in Kingston, Massachusetts. It submitted a claim under the policy for alleged flood damage sustained on April 5, 2010. Hartford denied the claim and plaintiff appealed the denial to the Federal Emergency Management Agency ("FEMA"). See 44 C.F.R. § 62.20; FEMA Mem. Supp. Mot. Dismiss (hereinafter, "FEMA Mem.") Ex. A-1, Appeal Package. FEMA directed Hartford to have a third engineer re-inspect the property and submit a report to Hartford. FEMA Mem. Ex. A-2, FEMA Ltr. of Mar. 16, 2011. FEMA reviewed the third engineer's report, concurred with Hartford's position, and upheld Hartford's final determination. FEMA Mem. Ex. A-3, FEMA Ltr. of June 9, 2011. In October 2011, plaintiff brought this action for breach of contract and failure to

pay benefits against Hartford and W. Craig Fugate, in his capacity as FEMA Administrator. FEMA now moves to dismiss for lack of subject matter jurisdiction because it has not waived sovereign immunity (Docket # 18). See Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) ("It is well settled that the United States, as sovereign, may not be sued without its consent.").

Plaintiff's flood insurance policy is regulated under the National Flood Insurance Program, which is governed by the National Flood Insurance Act ("NFIA"), codified as 42 U.S.C. §§ 4001-4129, and corresponding regulations. Under the NFIA, FEMA establishes the terms and conditions of the SFIP, but authorizes private insurers (called "Write Your Own" ("WYO") Companies) to issue flood insurance policies in their own name, and adjust, settle, pay and defend all claims arising under such policies. 44 C.F.R. § 62.23(d). "WYO Companies are solely responsible for their obligations to their insured under any flood insurance policies issued under agreements entered into with the Federal Insurance Administrator, such that the Federal Government is not a proper party defendant in any lawsuit arising out of such policies." 44 C.F.R. § 62.23(g). It is undisputed that Hartford is a participating WYO Company.

Congress created a limited waiver of sovereign immunity through 42 U.S.C. § 4072, which states in full:

> In the event the program is carried out as provided in section 4071 of this title, the Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the

2

> Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

(emphasis added). Disallowance by FEMA of the plaintiff's claim is thus a statutory prerequisite for waiver. See Zion Realty Corp. v. FEMA, No. 07-10830-GAO, 2007 WL 4200963, at *2 (D. Mass. Nov. 27, 2007) (strictly construing section 4072's waiver).

Section 4072's waiver does not apply here. Despite plaintiff's allegations that it "had an [SFIP] in effect with, and administered by" both Hartford and FEMA, Compl. ¶¶ 7-8, Hartford issued the policy that was in effect during the period of the alleged flood loss, FEMA Mem. Ex. A, Decl. of Carolyn McGill ¶¶ 4,5, and was solely responsible for adjusting, investigating, and denying plaintiff's claim. Id. ¶ 6. See also Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001) (when the court conducts a jurisdictional inquiry under Fed. R. Civ. P. 12(b)(1), "plaintiff's jurisdictional averments are entitled to no presumptive weight; the court must address the merits of the jurisdictional claim by resolving the factual disputes between the parties."). Thus, the federal government is not an appropriate party here. See 44 C.F.R. § 62.23(g); Mertz v. FEMA, Dept. of Homeland Sec., 10-CV-260-AC, 2011 WL 3563113, at * 4 (D. Or. Feb. 14, 2011) (section 4072's waiver of sovereign immunity "is not applicable to claims for monies due under policies issued by private insurers pursuant to the WYO Program," and citing cases) report and recommendation adopted sub nom. Mertz v. FEMA, 3:10-CV-00260-AC, 2011 WL 3563130 (D. Or. Aug. 10, 2011).

Plaintiff contends that FEMA "had direct involvement with the analysis and

3

denial of [its] claim," such that FEMA's actions fall within the provisions of 42 U.S.C. § 4072, because it directed a third engineer to re-inspect the property and provide a written response to Hartford. Pl. Opp. At 5. FEMA's upholding of Hartford's denial does not convert FEMA into the party making the denial. See Mertz, 2011 WL, at *5 (in upholding private insurer's denial of plaintiff's claim, FEMA "was acting pursuant to its duty to provide an optional intermediate level of review under the regulations, not as the insurer under the Policy. The fact that FEMA reviewed the claim does not turn the WYO Program policy into a policy written by the federal government.") (citing Bruno v. Paulison, No. RDB-08-0494, 2009 U.S. Dist. LEXIS 13910, at *19 (D. Md. Feb. 12, 2009) (FEMA's administrative review of Nationwide's disallowance does not trigger the limited waiver under 42 U.S.C. § 4072.)). See also Murphy, 45 F.3d at 522 ("In general, statutes waiving sovereign immunity should be strictly construed in favor of the United States. 'Courts may not enlarge ... beyond what the language [of the statute creating the waiver] requires.'") (internal citations omitted; alterations in original).

FEMA's directing the involvement of a third engineer likewise does not satisfy the statutory prerequisite for waiver, especially given that its correspondence with plaintiff explicitly noted that Hartford was responsible for the decision whether to allow or deny the claim. See FEMA Mem. Ex. A (explaining that once the third engineer's report "has been received by [Hartford], [Hartford] will advise if any further consideration is to be given in this matter and advise FEMA of the final outcome concerning [plaintiff's] claim. Please keep in mind that any adjustment is under the direction of [Hartford] and is contingent upon the merits of their findings, and application to the conditions and exclusions of the SFIP.").

FEMA's Motion to Dismiss is ALLOWED. Judgment may be entered dismissing

4

the complaint.

September 5, 2012 /s/Rya W. Zobel
DATE RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE